IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THE LEITER GROUP LLC, <br><br> And derivatively on behalf of <br> BUCK-LEITER PALM AVENUE <br> DEVELOPMENT, LLC, <br><br> Plaintiffs, <br> v. <br><br> JACK BUCK and <br> THE JOHN BUCK COMPANY, <br><br> Defendants, <br> And <br><br> BUCK-LEITER PALM AVENUE <br> DEVELOPMENT, LLC, <br><br> Nominal Defendant. | Case No. _____ |

## COMPLAINT

Plaintiffs, The Leiter Group LLC, a Florida limited liability company (TLG) and derivatively on behalf of Buck-Leiter Palm Avenue Development, LLC, a Delaware limited liability company (Buck-Leiter), by the undersigned attorneys, make this complaint against Jack Buck (Jack) and The John Buck Company (TJBC), and state as follows:

### PARTIES

1. The Leiter Group LLC (TLG) is a Florida limited liability company, the sole member of which is Matt Leiter (Matt).

2. Buck-Leiter Palm Avenue Development, LLC (Buck-Leiter) is a Delaware limited liability company doing business in Illinois, the members of which are TLG and Jack.

1

3. Jack is an individual resident of Cook County, Illinois.

4. The John Buck Company, also known as The John Buck Company LLC (TJBC) is a Delaware limited liability company doing business in Cook County, Illinois.

5. Matt Leiter is an individual resident of Sarasota County, Florida.

## JURISDICTION AND VENUE

6. This court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) in that the parties are residents of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs, 28 U.S.C. § 1332(a)(1).

7. Venue is proper in Cook County, Illinois because Jack Buck is a resident of Illinois and The John Buck Company has its principal place of business in Chicago, Illinois.

## INTRODUCTION

8. The Leiter Group LLC (TLG) is a Florida limited liability company, the sole member of which is Matt Leiter (Matt), who is a resident of Florida.

9. Buck-Leiter Palm Avenue Development, LLC (Buck-Leiter) is a Delaware limited liability company doing business in Illinois, the members of which are TLG and Jack.

10. The managers of Buck-Leiter were at all times herein and are now Jack and Matt.

11. The founder and a principal owner of TJBC is John Buck who is Jack's father.

12. On June 10, 2010, Buck-Leiter filed suit in Florida Case No. 2010 CA 006180 NC against the City of Sarasota, Florida for damages arising out of a contract dispute relating to a redevelopment agreement (Florida Case).

13. After years of litigation which included an appeal, the Florida Case was tried before a jury and a jury returned a verdict in favor of Buck-Leiter in the amount of $49,782,431.

14. The verdict was reduced by the trial court and, following a further appeal, a final

2

judgment was entered in favor of Buck-Leiter. On May 3, 2021, the City of Sarasota deposited the sum of $1,710,613.35 to the Sarasota County Court Registry to the account of Buck-Leiter in satisfaction of the judgment against the City of Sarasota.

15. On September 24, 2021 Jack, representing himself as the manager of Buck-Leiter, intervened in the Florida Case and sought a disbursement of Buck-Leiter's funds from the Court Registry to TJBC in the amount of $1,212,327.09.

16. Buck-Leiter and the other manager of Buck-Leiter, Matt, objected to the disbursement of Buck-Leiter's funds to TJBC and requested that Buck-Leiter's funds be disbursed to Buck-Leiter to be deposited to an account in Buck-Leiter's name at Wells Fargo Bank.

17. Over the objections of Buck-Leiter and manager, Matt, the court ordered disbursement of Buck-Leiter's funds from the Court Registry to TJBC at the request of Jack and $1,212,327.09 was, in fact, disbursed ostensibly to TJBC on or about September 1, 2024.

18. As a result of the disbursement of Buck-Leiter's funds to TJBC at the request of Jack as manager, Buck-Leiter has been wrongfully deprived of its own money causing loss to Buck-Leiter and its members.

19. This action is brought by The Leiter Group LLC as a member of and derivatively on behalf of Buck-Leiter Palm Avenue Development, LLC because one of the managers of Buck-Leiter is Jack and a demand on Buck-Leiter to bring this suit in its own name would be ineffective and a useless act.

## COUNT I
### (Breach of Fiduciary Duty by Jack Buck)

1.-19. Plaintiffs restate and reallege Paragraphs 1 through 19 as Paragraphs 1 through 19 of this Count I.

20. Jack, as a manager of Buck-Leiter is a fiduciary to Buck-Leiter and its members.

3

As a manager of Buck-Leiter, Jack owes to Buck-Leiter and its members the duty of loyalty and care.

21. Jack, as a manager of Buck-Leiter breached his fiduciary duty of loyalty and care to Buck-Leiter and its members in one or more of the following ways.

- A. Jack breached his duty of loyalty and care by requesting, promoting and advocating a disbursement of Buck-Leiter's funds from the Sarasota County Court Registry to TJBC, an alleged, but disputed, creditor of Buck-Leiter.
- B. Jack breached his duty of loyalty and care by opposing the request of Buck-Leiter and the other manager, Matt, in their request to have Buck-Leiter's funds disbursed to Buck-Leiter for deposit to Buck-Leiter's account at Wells Fargo Bank and not to TJBC.
- C. Jack breached his duty of loyalty and care by advocating the disbursement of Buck-Leiter's funds to TJBC, an alleged creditor whose claim, if any, was barred by the statute of limitations and was far less than the amount claimed by Jack.
- D. Jack breached his duty of loyalty and care by coordinating with TJBC for the payment by TJBC of Buck-Leiter's funds to or for the benefit of Jack after disbursement of Buck-Leiter's funds to TJBC.
- E. Jack breached his duty of loyalty and care by aiding and abetting TJBC in the wrongful receipt of Buck-Leiter's funds.

22. As a direct and proximate result of Jack's breach of his fiduciary duties to Buck-Leiter, Buck-Leiter and its members have been severely damaged, deprived of their money and have been required to expend substantial amounts of money in legal fees and court costs.

23. Jack's breach of his fiduciary duties were intentional, made in bad faith and

4

designed to benefit his father's company, TJBC, and him personally at the expense of Buck-Leiter and its members.

WHEREFORE, Plaintiffs pray for judgment against Jack in the amount of $1,212,327.09 plus its loss of earnings on such amount and attorney's fees and costs.

## COUNT II
### (Fraud by Jack Buck and The John Buck Company)

1.–19. Plaintiffs restate and reallege Paragraphs 1 through 19 as Paragraphs 1 through 19 of this Count II.

20. Jack, as a manager of Buck-Leiter, and TJBC jointly made the following false representations to Plaintiffs and the court having custody of Buck-Leiter's funds while such funds were on deposit to the Court Registry.

    A. Jack and TJBC represented that TJBC was owed the sum of $1,212,327.09.

    B. Jack and TJBC represented that such amount of $1,212,327.09 when paid to TJBC was for the sole benefit of TJBC.

21. The above representations made by Jack and TJBC were false and the falsity of such representations were known by Jack and TJBC.

22. The representations made by Jack and TJBC were intended to induce the Sarasota Court having custody of Buck-Leiter's funds to disburse such funds to TJBC.

23. The representations made by Jack and TJBC did, in fact, induce the court having custody of Buck-Leiter's funds to disburse such funds to TJBC to the detriment of Plaintiffs.

24. The representations made by Jack and TJBC were false in that TJBC was not owed the money represented to be owed to TJBC and were also false in that the funds disbursed to TJBC were actually disbursed to TJBC for the benefit of Jack. Following disbursement of Buck-Leiter's funds to TJBC, TJBC paid or caused to be paid all or part of such funds to or for the benefit of

Jack.

25. The representations made by Jack and TJBC were false and were made to induce a payment of Buck-Leiter's funds to TJBC as stated herein.

26. The misrepresentations made by Jack and TJBC were fraudulent and a scheme to deprive Buck-Leiter of its money at the expense of Buck-Leiter and its members.

27. As a direct and proximate result of Jack's and TJBC's fraudulent misrepresentations, Plaintiffs have been severely damaged, deprived of their money and have been required to expend substantial amounts of money in legal fees and court costs.

28. Jack's and TJBC's fraudulent misrepresentations were intentional, made in bad faith and were designed as a scheme to benefit TJBC and Jack personally at the expense of Buck-Leiter and its members.

WHEREFORE, Plaintiffs pray for judgment against Jack and TJBC in the amount of $1,212,327.09 plus its loss of earnings on such amount, punitive damages and attorney's fees and costs.

## COUNT III
### (Civil Conspiracy Between Jack Buck and The John Buck Company)

1.–19. Plaintiffs restate and reallege Paragraphs 1 through 19 as Paragraphs 1 through 19 of this Count III.

20. Jack and TJBC knowingly and voluntarily participated in a common scheme to commit the unlawful acts specified in Counts I and II, being a breach of fiduciary duty by Jack as specified in Count I and fraud by Jack and TJBC as specified in Count II.

21. The allegations of Count I and Count II are hereby incorporated by reference.

22. There was an agreement between Jack and TJBC to participate in the unlawful acts in furtherance of a common scheme as specified in Counts I and II and Plaintiffs suffered serious

6

injury as a result thereof which deprived Buck-Leiter of its money.

23. The unlawful act of breach of fiduciary duty by Jack was as specified in Count I and the unlawful act by Jack and TJBC for fraud was as specified in Count II.

24. As a direct and proximate result of the civil conspiracy between Jack and TJBC, Plaintiffs have been severely damaged, deprived of their money and have been required to expend substantial amounts of money in legal fees and court costs.

25. Jack's and TJBC's actions and participation in the civil conspiracy as described in Counts I and II were intentional, made in bad faith and were designed as a scheme to benefit TJBC and Jack personally at the expense of Buck-Leiter and its members.

WHEREFORE, Plaintiffs pray for judgment against Jack and TJBC in the amount of $1,212,327.09 plus its loss of earnings on such amount, punitive damages and attorney's fees and costs.

Plaintiffs demand trial by jury.

        THE LEITER GROUP, LLC

        And derivatively on behalf of
        BUCK-LEITER PALM
        AVENUE DEVELOPMENT, LLC

        By its Attorneys,

        THE LEITER GROUP
        ATTORNEYS & COUNSELORS, PC

        By, _____
        Thomas E. Leiter

        THOMAS E. LEITER
        ARDC#1615254
        NORTHERN DISTRICT TRIAL BAR
        THE LEITER GROUP
        ATTORNEYS & COUNSELORS
        309-A Main Street, Peoria, IL 61602-1313

Telephone: 309-673-2922
Email: tleiter@leitergroup.com
Co-Counsel for Plaintiffs

By, /s/ Samuel B. Zabek

Samuel B. Zabek/ARDC#678768
Graves Law Office
60 State Street, Ste. 201
Peoria, Illinois 61602
309/673-8422/szabek@glo-pc.com
Co-Counsel for Plaintiffs

## VERIFICATION

The undersigned certifies that the statements set forth in this instrument are true and correct to the best of his knowledge, information and belief and that the damages sought herein exceed $75,000.00.

_____
THOMAS E. LEITER

THOMAS E. LEITER
Illinois Bar No. 1615254
Northern District Trial Bar
The Leiter Group Attorneys & Counselors
309-A Main Street
Peoria, Illinois 61602
309-673-2922  Fax: 309-673-2387
E-mail: tleiter@leitergroup.com

## PRECIPE FOR SUMMONS

Clerk is directed to issue Summons to:

Jack Buck
160 N. Wacker Dr., 4th Floor
Chicago, IL 60606

The John Buck Company
151 N. Franklin St., Suite 300
Chicago, IL 60606

8