IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| THE LEITER GROUP LLC, and derivatively, on behalf of BUCK LEITER PALM AVENUE DEVELOPMENT, LLC | ) ) ) ) | |
| Plaintiffs, | ) ) | No. 25 C 534 |
| v. | ) ) | Judge Robert W. Gettleman |
| JACK BUCK and THE JOHN BUCK COMPANY | ) ) ) | |
| Defendants, | ) ) | |
| and | ) ) | |
| BUCK LEITER PALM AVENUE DEVELOPMENT, LLC | ) ) ) | |
| Nominal defendant. | ) ) | |

## MEMORANDUM OPINION & ORDER

The Leiter Group LLC ("TLG"), and derivatively on the behalf of Buck Leiter Palm

Avenue Development, LLC ("Buck-Leiter"), brings this three-count complaint against Jack Buck

and the John Buck Company ("TJBC"). Count I alleges that Jack Buck ("Jack"), as a manager

of Buck-Leiter, breached his fiduciary duty to Buck-Leiter and its members. Count II alleges

that Jack and TJBC committed fraud. Count III alleges a civil conspiracy between Jack and

TJBC to commit the acts alleged in the first two counts. Jack and TJBC (collectively

"defendants") move to dismiss the complaint for lack of subject jurisdiction (Doc. 18), which the

court construes as a motion under Fed. R. Civ. P. 12(b)(1). For the reasons stated below, the

motion to dismiss for lack of subject matter jurisdiction is granted.

**BACKGROUND**

Buck-Leiter is a Delaware LLC comprised of two members, TLG and Jack. TLG is a Florida LLC comprised of one member, Matt Leiter. Matt Leiter is a resident of Florida. Jack is a resident of Illinois. TJBC is an Illinois LLC comprised of a single member, Jack. TJBC is allegedly a creditor of Buck-Leiter.[1]

This dispute stems from the disbursement of funds by the Circuit Court for Sarasota County, Florida. After the resolution of a contract dispute between Buck-Leiter and the City of Sarasota, the City of Sarasota deposited the sum of $1,710,613.35, representing the final judgment amount owed to Buck-Leiter, to the Sarasota County Court Registry. Plaintiffs allege that Jack successfully (and wrongfully/ fraudulently) petitioned the Sarasota County Circuit Court to disburse $1,212,327.09 of those funds to TJBC.

**LEGAL STANDARD**

Defendants raise a facial challenge to jurisdiction. That is, defendants contend that even if the allegations in plaintiffs' complaint are true, this court lacks subject matter jurisdiction. See generally Apex Digital, Inc. v. Sears, Roebuck & Co., 572 F.3d 440, 443-44 (7th Cir. 2009) (explaining the distinction between facial and factual challenges to subject matter jurisdiction). When "evaluating a facial challenge to subject matter jurisdiction under Rule 12(b)(1), a court should use Twombly–Iqbal's 'plausibility' requirement, which is the same standard used to evaluate facial challenges to claims under Rule 12(b)(6)." Silha v. ACT, Inc., 807 F.3d 169, 174

---

[1] These facts are taken from the complaint filed by plaintiffs, because it is a facial jurisdictional challenge.

(7th Cir. 2015).

## <u>DISCUSSION</u>

Defendants argue that there is not complete diversity of citizenship as required by 28 U.S.C. § 1332. Defendants' argument begins with the correct premise that the citizenship of an LLC is the citizenship of each of its members. <u>See</u> <u>Thomas v. Guardsmark, LLC</u>, 487 F.3d 531, 534 (7th Cir. 2007) ("For diversity jurisdiction purposes, the citizenship of an LLC is the citizenship of each of its members."). Thus, Buck-Leiter is a citizen of Florida (citizenship of member TLG) and Illinois (citizenship of member Jack). Defendants argue that while there may be uncertainty as to whether Buck-Leiter should be considered a plaintiff or a defendant, such uncertainty is ultimately irrelevant. According to defendants, this is because whether Buck-Leiter is considered a plaintiff or defendant, there will not be complete diversity as required by 28 U.S.C. §1332. If Buck-Leiter is a plaintiff, then it shares citizenship with a defendant because both Buck-Leiter and Jack are citizens of Illinois. If Buck-Leiter is a defendant, then it shares citizenship with a plaintiff because both Buck-Leiter and TLG are citizens of Florida. Either way, defendants argue, there is not complete diversity as required by 28 U.S.C. § 1332.

Plaintiffs do not dispute the substance of defendants' argument. Plaintiffs implicitly concede that if Buck-Leiter is a party to the case, then complete diversity does not exist. Instead, plaintiffs argue that Buck-Leiter is a "dispensable" party to the litigation that "may be disregarded or dismissed." According to plaintiffs, TLG has its own cause of action independent of the derivative claim that TLG filed "on behalf of" Buck-Leiter. Because of this, plaintiffs argue that TLG is the only necessary party to the case.

Fed. R. Civ. P 17(a) requires that "[a]n action must be prosecuted in the name of the real

3

party in interest." For the purposes of determining whether diversity jurisdiction exists, "the citizenship of the real party in interest is determinative." CCC Info. Servs. v. Am. Salvage Pool Ass'n, 230 F.3d 342, 346 (7th Cir. 2000). To determine who the real party in interest is here, the critical question is whether plaintiffs can bring their claims as a direct action or whether their claims are derivative. To answer that question, the court must look to the law of Delaware, the state in which Buck-Leiter was organized. Massey v. Merrill Lynch & Co, Inc., 464 F.3d 643, 645 (7th Cir. 2006).

Delaware courts have held that the case law governing corporate derivative suits is also applicable to derivative suits brought on behalf of an LLC. See Kroupa v. Garbus, 583 F. Supp. 2d 949, 952 (N.D. Ill. 2008) (collecting cases). The Delaware Supreme Court has held the determination of whether a stockholder's (or, here, a member's) claim is derivative or direct "must turn solely on the following questions: (1) who suffered the alleged harm (the corporation or the suing stockholders, individually); and (2) who would receive the benefit of any recovery or other remedy (the corporation or the stockholders, individually)?" Tooley v. Donaldson, Lufkin & Jenrette, Inc., 845 A.2d 1031, 1033 (Del. 2004) (emphasis in original).

Applying this Delaware law, the court finds that all of plaintiff's claims are derivative. Count I alleges that Jack, representing himself as the manager of Buck-Leiter, secured the disbursement of funds from the Sarasota County Court Registry to TJBC, instead of "an account in Buck-Leiter's name at Wells Fargo Bank." The complaint repeatedly refers to these funds as "Buck-Leiter's funds." On these same alleged facts, Count II alleges that Jack and TJBC committed fraud. Again, Count II describes the disputed sum of money as "Buck-Leiter's funds." Count II alleges that the "misrepresentations made by Jack and TJBC were fraudulent and a scheme to deprive Buck-Leiter of its money." Count III alleges a civil conspiracy to

commit the acts alleged in Counts I and II and describes a "serious injury as a result thereof which deprived Buck-Leiter of its money." As the language of the complaint makes clear, the harms alleged here were suffered by the LLC, not the suing member individually. And the benefit of any recovery or other remedy would be received by Buck-Leiter, not its members individually. Thus, under the test laid out in Tooley, 845 A.2d at 1033, plaintiffs' claims are derivative.

In a derivative suit, the LLC (Buck-Leiter) is a real party in interest. Atanasio v. O'Neill, 235 F. Supp. 3d 422, 425 (E.D.N.Y. 2017) ("In a derivative action commenced on behalf of a limited liability company ...the LLC itself is a necessary party under Rule 19 of the Federal Rules of Civil Procedure."); Cook v. Toidze, 950 F. Supp. 2d 386, 390, 393 (D. Conn. 2013) (holding that an LLC "is an indispensable party" and noting that "courts appear unanimous in concluding that the party on whose behalf a derivative claim is brought is indispensable"); Bartfield v. Murphy, 578 F. Supp. 2d 638, 650 (S.D.N.Y. 2008) (concluding that an LLC had an interest in "derivative claims raised on its behalf" and thus was a necessary party); Kroupa, 583 F. Supp. 2d at 953 (requiring an LLC to be named as a party in a derivative action); Trident-Allied Assocs., LLC v. Cypress Creek Assocs., LLC, 317 F. Supp. 2d 752, 754 (E.D. Mich. 2004) ("[W]here members of an LLC bring claims derivatively on behalf of the company, the company is an indispensable party."). Buck-Leiter, a citizen of Illinois and Florida, is a real party in interest and cannot be "dropped" from the litigation.

Because Buck-Leiter, a plaintiff, shares citizenship with defendants (Illinois), the complete diversity as required by 28 U.S.C. § 1332(a)(1) is not present.[2] Thus, this court lacks

---

[2] Alternatively, as described at the beginning of the discussion, if Buck-Leiter is classified as a defendant, then it shares citizenship with plaintiffs (Florida).

subject matter jurisdiction, and the case must be dismissed.  Fed. R. Civ. P 12(h)(3).

## **CONCLUSION**

For the above reasons, the motion to dismiss for lack of subject jurisdiction is granted. (Doc. 18).  The pending motion for summary judgment or dismissal (Doc. 9) is terminated as moot.

**ENTER:**

**Robert W. Gettleman**
**United States District Judge**

**DATE:   June 26, 2025**